

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-18,081-04**

**EX PARTE JOHN RAY FALK, JR., Applicant**

**ON APPLICATION FOR WRIT OF HABEAS CORPUS
IN CAUSE NO. 27347 IN THE 278TH JUDICIAL DISTRICT COURT
WALKER COUNTY**

*Per curiam.*

**O R D E R**

We have before us Applicant's *pro se* request to withdraw his Article 11.071 application for a writ of habeas corpus, the State's motion to remand this request to the trial court for a hearing, and the Office of Capital and Forensic Writ's (OCFW's) motion for us to remand for a hearing governed by specific procedures.[1] Applicant's habeas application is currently pending in the trial court.

---

[1] Unless otherwise indicated, all references to Articles refer to the Code of Criminal Procedure.

In March 2017, a jury convicted Applicant of a 2007 capital murder and the trial court sentenced him to death.[2] Although Applicant initially waived counsel to represent him in a post-conviction writ of habeas corpus, he ultimately agreed to the appointment of OCFW. OCFW ultimately timely filed Applicant's writ application in the trial court on September 3, 2020. *See* Article 11.071 §§ 4(a)-(b), 4A.

Applicant has now filed a *pro se* letter with this Court in which he requests that we "allow him to withdraw said writ and most regretfully forego an honest post-conviction Writ of Habeas Corpus." In *Ex parte Reynoso*, we noted that, because Article 11.071 does not provide for *automatic* habeas review (as compared to the automatic review on direct appeal that Article 37.071 provides), an applicant can "waive" habeas review. 257 S.W.3d at 720 n.2 (Tex. Crim. App. 2008). However, under Article 11.071 § 2(a), an applicant "shall be represented by competent counsel [on habeas] unless the applicant has elected to proceed pro se and the convicting trial court finds, after a hearing on the record, that the applicant's election is intelligent and voluntary."

Because the trial court is better positioned to assess Applicant's request and determine whether his request is made intelligently and voluntarily, we grant the State's motion and remand this potential waiver issue to the trial court for a hearing.[3] The trial court has 60 days from the date of this order to resolve Applicant's request. The district

---

[2] Applicant's direct appeal is pending in this Court. *Falk v. State*, No. AP-77,071.

[3] At this time, we take no action on OCFW's motion and we take no position on the issue raised in the motion.

clerk shall thereafter immediately transmit the record on this issue to this Court for a final decision on the matter.

IT IS SO ORDERED THIS THE 28TH DAY OF APRIL, 2021.

Do Not Publish